**Frances C. SILVER, Executrix of the Estate of Henry S. Silver, Appellant,**

v.

**JOHNS–MANVILLE CORPORATION; Johns-Manville Sales Corporation; Raymark Industries, Inc.; Owens-Corning Fiberglass Corp., Nicolet, Inc., Unarco Industries, Inc., etc.; H.K. Porter Co., Inc.; Eagle-Picher Industries; Amatex Corporation; Rock Wool Manufacturing Co., Inc., and The Celotex Corporation, Appellees.**

No. 84–1398.

United States Court of Appeals,
Fourth Circuit.

Argued April 4, 1985.

Decided May 7, 1986.

Rehearing and Rehearing En Banc
Denied June 18, 1986.

---

Vickie Bletso (Thomas F. Taft, Kenneth E. Haigler, Taft, Taft & Haigler, Greenville, N.C., on brief), for appellant.

Sanford W. Thompson, IV, Raleigh, N.C., Gerard H. Davidson, Jr., Greensboro, N.C., F. Blackwell Stith, New Bern, N.C. (Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, Raleigh, N.C., McNeill Smith, Smith, Moore, Smith, Schell & Hunter, Greensboro, N.C., Stith & Stith, New Bern, N.C., on brief), for appellees.

Before WINTER, Chief Judge, and WIDENER and HALL, Circuit Judges.

PER CURIAM:

Alleging that the decedent (her late husband) died a wrongful death as a result of his exposure to defendant's asbestos products, plaintiff invoked diversity jurisdiction and sued defendants for damages.[1] The district court granted summary judgment to defendants on the ground that plaintiff's action was barred by a North Carolina statute of repose, N.C.G.S. § 1–50(6). The district court ruled that this statute applied to wrongful death actions and that its application to plaintiff's claim was constitutional.

Plaintiff appeals, and we reverse and remand.[2]

### I.

The decedent was employed as an insulator, brick mason and pipe coverer from 1941 until 1961. He was employed primarily in North Carolina, and his duties typically required him to insulate boilers and pipes with asbestos insulation, resulting in his exposure to asbestos products manufactured, distributed or sold by each of the defendants who are parties to the appeal.

The decedent was diagnosed on May 22, 1980 at the Duke University Medical Center as having mesothelioma, an invariably fatal cancer of the lining of the lungs or abdomen associated with exposure to asbestos. He died on February 25, 1981 with the immediate cause of death designated as respiratory failure due to fibrosis, mesothelioma and asbestosis. Suit was filed on May 6, 1981.

The district court granted defendants' motions for summary judgment. It ruled that plaintiff's action was barred by N.C. G.S. § 1–50(6)[3] because the decedent's last

---

1. In the district court, plaintiff also invoked admiralty jurisdiction. She subsequently withdrew her objection to defendant's challenge to admiralty jurisdiction and this issue is not before us.

   In the original suit, more defendants were sued than are before us. In the present posture of the case, The Celotex Corporation, Raymark Industries, Inc., Eagle Picher Industries, Inc., Owens Corning Fiberglass Corporation, Nicolet, Inc., Rock Wool Manufacturing Co., and H.K. Porter are defendants. Plaintiff voluntarily dismissed the other original defendants.

2. After this appeal was argued, we stayed decision pending the decision by the Supreme Court of North Carolina in *Wilder v. Amatex Corporation*, 314 N.C. 550, 336 S.E.2d 66 (1985). Following the announcement of the opinion in *Wilder*, we received and have considered memoranda of the parties with respect to the effect of *Wilder* on the case at bar.

3. The text of the statute is:

   No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged de-

exposure to the disease-causing agent occurred in 1961 and suit for wrongful death was not filed until twenty years later, thus exceeding the six-year period of repose. The district court also rejected plaintiff's arguments that (1) the statute does not apply to wrongful death actions, (2) the statute is unconstitutional, and (3) the statute may not be applied to deprive her of a cause of action which vested before the statute was enacted.[4]

## II.

While we are in agreement with the district court that § 1–50(6) by its terms otherwise applies to an action for wrongful death, we conclude that the statute is inapplicable here because decedent's death is alleged to have resulted from disease, thus rendering the statute inapplicable. In an appeal presenting the issue of whether § 1–50(6) applies to an asbestos-related disease claim decided contemporaneously herewith, *Hyer v. Pittsburgh Corning Corporation,* 790 F.2d 30 (1986), we held that § 1–50(6), insofar as it constitutes a statute of repose, has no application to claims arising out of a disease. We based our holding on our understanding of the opinion of the Supreme Court of North Carolina in *Wilder v. Amatex Corporation,* 314 N.C. 550, 336 S.E.2d 66 (1985).

For the reasons set forth in *Hyer,* we are constrained to hold that on the facts as presented here, § 1–50(6) does not bar plaintiff's cause of action.[*]

REVERSED AND REMANDED.

---

fect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

**4.** As the district court correctly pointed out, the statute was enacted in October 1979, and plain-

tiff's cause of action did not vest until February 25, 1981, so that application of the statute would not be a retroactive one.

* The motions for leave to file supplemental authority pending on the date of decision are granted.